FILED
2018 Feb-23 PM 04:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

AGUSTIN VASQUEZ-RIVERA,  )
                                         )
     **Petitioner,**               )
                                         )
v.                                   )        Case No.:
                                         )        4:17-cv-02070-AKK-SGC
**US ATTORNEY GENERAL OF**   )
**AMERICA,**                        )
                                         )
     **Respondents.**

## MEMORANDUM OPINION

On December 12, 2017 Agustin Vasquez-Rivera filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. At the time he filed his petition, Vasquez-Rivera, a native of Cuba, was incarcerated at the Etowah County Detention Center, in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). In his petition, Vasquez-Rivera alleged that he was being illegally detained by ICE pending his deportation. On December 21, 2017, ICE released Vasquez-Rivera on an Order of Supervision. Docs. 4 at 1; 4-1 at 1. Respondents have filed a motion to dismiss the action as moot, since Vasquez-Rivera is no longer in ICE custody. Doc. 4. For the reasons stated below, the motion is due to be granted.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. Const. art. III, § 2. The doctrine of

mootness is derived from this limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). A case is moot and must be dismissed if the court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted).

The relief sought by Vasquez-Rivera in his petition is to be released from ICE custody. Where, as here, Vasquez-Rivera is no longer in ICE custody, his petition has been rendered moot, unless one of the two exceptions to the mootness doctrine applies. Because neither "collateral consequences" or "capable of repetition yet evading review," *see Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982), apply here, there is no longer any relief that the court can grant to Vasquez-Rivera, and his petition is due to be dismissed as moot.

Based on the foregoing, the Respondents' motion to dismiss, doc. 6, is **GRANTED**. A separate order will be entered.

**DONE** the 23rd day of February, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE